NEISLER *et al.* *v.* LOUDON.

When it becomes necessary, in equity proceedings, for the clerk of the superior court to copy the bill, he is entitled to fifteen cents per hundred words for each copy.

May 1, 1889.

Officers. Costs. Before Judge WELLBORN. Lumpkin superior court. October term, 1888.

Reported in the decision.

WIER BOYD, for plaintiffs in error.

W. S. BASINGER, by brief, *contra.*

SIMMONS, Justice.

It seems from the record in this case that a bill in

equity had been filed by Neisler against Loudon, and a decree had therein for the principal, interest and costs. The clerk, in taxing his costs, among the items had the following: " Filing and docketing suit, $2; making 4 copies of bill and injunction, 4,700 words each, at 15 cents per hundred words, $7 each, $28; issuing writ of subpœna, $2." The whole bill of costs, as itemized by the clerk, amounted to $179.55. Execution was issued against the defendants for this amount of costs, and was levied upon the property of Mrs. Loudon. She filed an affidavit of illegality to said execution, alleging therein that the clerk, in order to make up the sum of $179.50, included therein not only the sum of $2 for issuing the bill and subpœna, but also the further sum of $28 for four copies of the same, one for each defendant, at $7 each; whereas, there having been four defendants, the clerk was entitled only to $3.50 for the same, to wit, $2 for copying and issuing process, and 50 cents each for the additional copies after the first; and that the execution, therefore, was issued for $26.50 more than the costs lawfully taxable. The illegality was submitted to the trial judge without a jury; and he sustained the illegality and held that the clerk was only entitled to $2 for issuing the first copy, and fifty cents each for the additional copies. To this decision and ruling the plaintiffs excepted.

We think the exception was well-taken. This was an equity case, and section 3695 of the code allows the clerk, " for recording and copying proceedings in chancery, per 100 words, 15 cents each "; " for issuing writ of injunction in equity, $3 "; " for issuing writ of subpœna in equity, $2." When it becomes necessary, therefore, in equity proceedings for the clerk to copy the bill, he is, in our opinion, entitled to 15 cents per hundred words for each copy it may necessary for him to make. The fee bill prescribed in this section of the

code has charges common both to courts of equity and courts of law, and intends to provide for the whole costs of the clerk in civil cases in both courts. For instance, for "filing and docketing a suit," the clerk is entitled to the same costs in cases at law as in equity; so likewise for "issuing a *fi. fa.*," "for entering the same on the execution docket," "for issuing subpœnas to witnesses," "for docketing each motion," etc.; these are charges common to both courts. On the common law side of the court, the fee for copying and issuing process is $2, and for each copy after the first copy, 50 cents. But in equity cases the legislature seemed to think that the clerk was entitled to more compensation than the small amount allowed in common law cases, and the reason, we suppose, of this difference was, the great difference in the labor of copying the proceedings in equity. The common law declaration is rarely ever over four or five pages, but bills in equity, with the exhibits thereto, frequently contain from fifty to a hundred pages ; and the legislature doubtless thought that the clerk should be paid more than fifty cents for each copy of such bill, and allowed him fifteen cents per hundred words for copying the same. We think therefore that the judge erred in sustaining the illegality, and that the clerk's bill for costs was proper, and that the execution ought to be allowed to proceed.

*Judgment reversed.*