## 18120. PEEPLES *v.* LOUISVILLE & NASHVILLE RAILROAD CO.

It appearing from the plaintiff's petition that in going upon the railroad track at the crossing at which he was struck by the defendant's train he failed to exercise ordinary care for his safety, and that by such care he could have avoided the consequences to himself of the defendant's negligence, the judgment sustaining the general demurrer was correct.

DECIDED JULY 14, 1927.

Railroads, 33 Cyc. p. 988, n. 19; p. 1060, n. 25.

Action for damages; from Cobb superior court—Judge John S. Wood. March 28, 1927.

*Mozley & Gann, H. B. Moss,* for plaintiff.

*Tye, Peeples & Tye, Morris, Hawkins & Wallace,* for defendant.

Luke, J. Abe Peeples sued the Louisville & Nashville Railroad Company for damages for personal injuries alleged to have been caused by the defendant's negligence in running its train against him on a public grade-crossing in Marietta, Ga. The controlling question in this case is whether or not the court correctly sustained the general demurrer and dismissed the petition.

Briefly stated, the petition set out the following case: In the city of Marietta the defendant's line of railroad and that of the Western & Atlantic Railroad,. running parallel north and south, and within seven or eight feet of each other, cross Rose Lane street. This crossing is a much-traveled public grade-crossing, and the location of the McNeel Marble Works, eight or ten feet east of the defendant's railroad-track and about twelve or fifteen feet south of said crossing, prevents a person thereon from seeing the approach of a north-bound train, and makes the crossing dangerous to persons traveling thereon. When injured on June 25, 1926, the defendant was about eighty years old, but was "a man of exceptionally strong constitution." Paragraph 7 of the petition reads as follows: "Petitioner avers that when he approached the said railroad-tracks to cross the same, the track of the Western & Atlantic Railroad was blocked by a passing train, and that before the train had cleared the crossing, and in order to get across the said railroad, he stepped upon the track of said defendant, and, without any warning from said defendant, and without the ringing of a bell, blowing a whistle, or giving any alarm whatever, said defendant's train, traveling at from twenty to thirty miles per hour, and without any watchman at said crossing, and without any brakeman on the front end of the box-car being pushed by the engine of defendant's railroad, ran into and knocked him down as aforesaid, and injuring him as will be more fully hereinafter set out." The train blocking the crossing was traveling at about forty miles per hour, and was making a great noise. The defendant's train with the car in front of the engine, which struck the plaintiff, was going north. In addition to the acts of negligence indicated above, the petition alleged a violation of the State law "with reference

to public crossings in a thickly populated community," and a violation of the speed ordinance of the City of Marietta.

The demurrer alleges that the petition shows: (*a*) that the plaintiff's injuries were the result of his own negligence; (*b*) that by the exercise of ordinary care the "plaintiff could have avoided being injured as alleged in the petition."

Notwithstanding amendments were made to other parts of the petition, paragraph 7 was neither stricken nor changed by amendment. Construing the petition more strongly against the pleader, and having particularly in mind ·said paragraph, it must be held, on demurrer, that the crossing was blocked by the Western & Atlantic train when the plaintiff approached it, and that he entered upon the crossing and stepped upon the defendant's track before the train had cleared the crossing.

"That no person can recover damages from a railroad company for injuries to himself or his property, where the same are caused by his own negligence, or where by ordinary care he could have avoided the consequences to himself caused by the company's negligence, are familiar declarations of our Civil Code." . The foregoing quotation expresses the law as. laid down in sections 2781 and 4426, Code (1910), and is from Chief Justice Fish in *So. Ry. Co.* v. *Hogan,* 131 *Ga.* 159 (62 S. E. 65). "A railroad-track is a place of danger, and one who goes thereon is bound to know that he is going into a place where he is subject to the dangers incident to the operation of trains upon that track. See in this connection *Comer* v. *Shaw,* 98 *Ga.* 545 [25 S. E. 733]; *Lloyd* v. *R. Co.,* 110 *Ga.* 167 [35 S. E. 170]. This is true without regard to the place where the track is, whether in the country, where pedestrians are not expected to be, or at a public road crossing, or at a street crossing, or at the stations and depots of railroad companies, where persons are expected and invited to be present. . . An ordinarily prudent person in the possession of all his faculties would not attempt to cross a railroad-track at any place without using at least his sense of sight, if not that of hearing, to determine whether at the time and place he was about to cross the same there were present any of those dangers which a person of ordinary intelligence would reasonably apprehend." *W. & A. R. Co.* v. *Ferguson,* 113 *Ga.* 713 (39 S. E. 308, 54 L. R. ·A. 802). See also *A. C. L. R. Co.* v. *Fulford,* 159 *Ga.* 812 (127 S. E. 274); *Harris*

v. *So. Ry. Co.,* 129 *Ga.* 388 (2) (58 S. E. 873). "If, when the defendant's negligence was discovered or when in the exercise of ordinary care it could have been discovered, the use by the decedent of his senses of sight and of hearing in an ordinarily diligent way could have prevented the casualty from occurring, the plaintiff can not recover." *Moore* v. *S. A.-L. Ry. Co.,* 30 *Ga. App.* 466 (3) (118 S. E. 471). "(1) If a homicide occurs at a place upon the track of a railway company where it was the duty of the servants of the company to anticipate the presence of persons on the track, and their failure to so anticipate the presence of others thereon amounts to mere negligence, the negligence of the person killed, under such circumstances, amounting to the lack of ordinary care for his safety, and where the person killed could by the exercise of ordinary care have avoided the consequences to himself of such negligence of the servants of the company, will prevent a recovery by a plaintiff who sues for such homicide. (2) But if the servants of the company were guilty of wilful and wanton negligence, which resulted in the homicide of the person killed, then the negligence of the person killed, however gross, will not defeat a recovery of damages for such homicide by a plaintiff who is entitled under the law to sue therefor." *Lowe* v. *Payne,* 156 *Ga.* 316 (118 S. E. 924).

Notwithstanding the allegation in the petition that the failure of defendant to have a watchman at said crossing "amounted not only to negligence but was an act of reckless disregard of human life," the facts alleged in the petition do not show "wilful or wanton negligence." See *So. Ry. Co.* v. *Davis,* 132 *Ga.* 812 (65 S. E. 131). The case at bar falls within the first rule laid down in *Lowe* v. *Payne,* supra, and within the following general rule set out in *Central of Ga. Ry. Co.* v. *Tapley,* 145 *Ga.* 792 (5) (89 S. E. 841): "Where a person who is killed by the running of a railroad-train could by the exercise of ordinary care for his own safety have avoided the consequences to himself of the defendant's negligence after it came into existence and was known to him or could have been discovered by the exercise of ordinary care, an action for damages against the railroad company . . will not lie. Civil Code, §§ 2781, 4426." "There being no allegation to the contrary, it must be assumed that the decedent was a person of ordinary intelligence and that he was laboring under no physical defect or disability which rendered him incapable of appreciating

his situation and of knowing the dangers incident thereto." *Moore* v. *S. A.-L. Ry Co.,* 30 *Ga. App.* 466 (2) (118 S. E. 471).

Plaintiff in error contends that this case should have been submitted to the jury, under the law as laid down in *Richmond & Danville R. Co.* v. *Howard,* 79 *Ga.* 44 (2) (3 S. E. 426). It is: "Failure of the injured party in the use of ordinary care, by untimely stepping upon a railroad track at a public crossing, is no complete bar to the recovery of damages, unless by the use of ordinary care the consequences due to the negligence of the other party could have been avoided. And whether they could or not is a question for the jury." In the case cited the case had gone to the jury, and the evidence was "voluminous and conflicting." The law there announced is applicable to that case, but it does not apply where there is a general demurrer to a petition. "When a motion for a nonsuit is made, or a demurrer to the declaration filed, it is the duty of the trial judge to pass upon it. If, however, the case is submitted to the jury without a motion to nonsuit, or a demurrer to the declaration, then the court must leave the question of negligence to the jury. . . And this is the distinction between the cases cited by counsel for the plaintiff in error, which hold that negligence is a question for the jury, and those cited by counsel for defendant in error, which hold that the judge can grant a nonsuit, or sustain a demurrer upon the facts alleged in the declaration." *Jarrell* v. *Atlanta & West Point R. Co.,* 83 *Ga.* 350 (9 S. E. 682). See also *Hill* v. *L. & N. R. Co.,* 124 *Ga.* 243 (2) (52 S. E. 651, 3 L. R. A. (N. S.) 432) ; *Moore* v. *S. A.-L. Ry. Co.,* supra.

The plaintiff in error urges that he was in an emergency, and that, under the law laid down in *Bryant* v. *Georgia Ry. & Power Co.,* 162 *Ga.* 511 (134 S. E. 319), his case should have been submitted to the jury. Not so. See case cited in headnote 3 of that decision, which differentiates cases where the emergency was brought about by the voluntary action of the party and where it was caused by an independent agency.

In the case at bar, the crossing was dangerous because of the proximity of the McNeel Marble Works, and, at the time the plaintiff entered upon it, was more dangerous because of the noise of the rapidly moving Western & Atlantic train, and because it was blocked by that train. No urgent reason appears why the plain-

.tiff should have entered upon the crossing at the time he did. The tracks were only seven or eight feet apart, and the petition discloses no reason whatever why the plaintiff could not, and should not, have waited in a place of safety, instead of going upon the defendant's track. The tracks were parallel, and ran north and south at the crossing, and under no rule of construction can we say, on demurrer, that the plaintiff could not have seen the approaching train before he went upon the crossing, by using his sense of sight. Nor does it appear why he could not have seen it after he stepped upon the track, unless he suddenly stepped immediately in front of the train. Our conclusion is that the plaintiff failed to exercise ordinary care for his safety, and that by the exercise of such care he could have avoided the consequences to himself of the defendant's negligence. The judgment sustaining the general demurrer was correct.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*