18696.   COX *et al. v.* CENTRAL OF GEORGIA RAILWAY CO.

DECIDED APRIL 10, 1928.  REHEARING DENIED MAY 15, 1928.

*Pool & Fraser,* for plaintiff.
*Little, Powell, Smith & Goldstein,* for defendant.

LUKE, J.  J. C. Cox and others brought this suit against the Central of Georgia Railway Company, for' damages for the wrongful death of their mother by the negligent operation of its train at a public crossing in the City of Hapeville. A general demurrer to the petition was sustained; and the plaintiffs excepted.

The petition alleges that as Callie Cox, the mother of the plaintiffs, was walking across the right of way of the defendant in the City of Hapeville, upon a public crossing, used by the public, the defendant's train was negligently run over her; that the train was being operated at an excessive, dangerous, and illegal rate of speed, of fifty miles per hour; that upon approaching the crossing no warning was given, no whistle sounded, and no bell rung, nor the speed of the train reduced; that no proper lookout was maintained; and that the defendant failed to keep the train under control, and failed to stop. The petition alleges also that the deceased was an able-bodied woman, etc.

Does the petition, with these allegations, sufficiently state a cause of action? It affirmatively appears .that the deceased was an able-bodied woman. Presumably she was in full possession of all her faculties. It is not suggested that she did not see or hear the approaching train, that her view of the tracks was obstructed or obscured, or that there existed any other fact or circumstance to avoid the necessary, natural inference from the facts, specifically alleged, that she deliberately walked upon the railway tracks, toward which the rapidly moving train was approaching, within her plain sight and hearing, and thereby placed herself in a position of obvious peril. Indeed, nothing is alleged to relieve the deceased from the imputation in those circumstances that her death.was due entirely

to her own negligence,—her failure to exercise ordinary care for her own safety in the first instance.

Of course, the ordinary rule is that a plaintiff is required to allege only such facts as are necessary to make a prima facie case, and need not anticipate or avoid any defense, even that of contributory negligence. But here no fact is shown to indicate that the deceased was not wholly conscious of the obvious danger of going upon the track, and, therefore, it can not be fairly said that the facts alleged do not indicate that her death was not the direct result of her own conduct. See *Peeples* v. *L. & N. R. Co.,* 37 *Ga. App.* 87 (139 S. E. 85).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*