**20470.** CENTRAL OF GEORGIA RAILWAY COMPANY v. HEWELL.

STEPHENS, J. 1. Where a person, after having stopped, looked and lis-
tened at a public railroad-crossing for an approaching train and ob-
served none, and, by reason of a curve in the track three hundred yards
distant, could not have seen an approaching train until it was within
three hundred yards of the crossing, went upon the track, unaware
of the approach of a train which afterwards ran into and injured him,
and was not aware of the presence of the train until it was in forty or
fifty feet of him and it was too late to prevent injury to himself, al-
though before going on the track, which was at night, he might have
observed the approach of the train from its headlight and did not, yet
where there were other parallel tracks at the crossing and a parallel
track over which he had already crossed, upon which at the time a
street-car with a headlight thereon was approaching from the same
direction as the train, and the headlight of the train could have been
mistaken for the headlight of the street-car, and where the train ap-
proached the crossing at a negligent rate of speed and there was negli-
gence in not ringing a bell, it can not be said as a matter of law that
in going upon the track he was guilty of such conduct as amounted to
negligence barring a recovery. *Seaboard Air-Line Railway Co.* v. *Sar-
man,* 38 *Ga. App.* 637 (144 S. E. 810). The cases of *Peeples* v. *Louis-
ville & Nashville Railroad Co.,* 37 *Ga. App.* 87 (139 S. E. 85), and *Cox*
v. *Central of Georgia Railway Co.,* 38 *Ga. App.* 88 (143 S. E. 444), are
distinguishable. In the *Peeples* case the plaintiff was at a railroad-
crossing waiting for a passing train to go over the crossing, and his view
of a train approaching on the track upon which he was standing was
unobstructed. In the *Cox* case the plaintiff, who was in full possession

of her faculties of sight and hearing, walked upon a railroad-track while a train, within her sight and hearing, was approaching.

2. In a suit against the railroad company by the person injured, where the plaintiff's evidence authorized the inference that the facts were as indicated above, the evidence was sufficient to establish the plaintiff's case as alleged in the petition, and to authorize the inference that the negligence of the defendant and not that of the plaintiff was the proximate cause of the injury, to the plaintiff's damage as alleged. The court did not err in overruling the defendant's motion for a nonsuit.

*Judgment affirmed. Bell, J., concurs. Jenkins, P. J., disqualified.*

DECIDED FEBRUARY 13, 1931.

*Little, Powell, Reid & Goldstein, A. S. Clay,* for plaintiff in error. *Hewlett & Dennis, Lindley W. Camp,* contra.