22505.  CENTRAL OF GEORGIA RAILWAY COMPANY *v.* BARNES.

SUTTON, J.  W. C. Barnes sued the Central of Georgia Railway Company for damages because of the alleged negligence of the defendant in demolishing his automobile and in injuring his wife, thereby causing him to lose her services and expend large sums of money for medical expenses.  The defendant demurred to the petition as setting forth no cause of action and as showing that the injury to the wife was caused by her lack of ordinary care.  The court overruled the demurrer, and the defendant excepted pendente lite, and assigns error thereon.  The defendant denied the allegations of the plaintiff's petition, and the case went to trial before a jury.  The jury returned a verdict for the plaintiff for $3,000, and the defendant moved for a new trial.  To the overruling of the motion the defendant excepted.  *Held:*

1. A petition alleging that plaintiff's wife, while driving plaintiff's automobile within the corporate limits of a city, approached a public railroad crossing at a speed of about six miles an hour; that there were eight or ten side-tracks at this crossing and two main-line tracks of the defendant; that plaintiff's wife looked carefully both ways on approaching the crossing to see if a train was coming; that on account of buildings and trees her view was entirely obstructed as to any train approach-

ing from the south on defendant's tracks; that she listened carefully and did not hear any bell ringing or hear any train approaching; that she did not see the train approaching from the south until it was within forty or fifty yards of the crossing, she being some twenty or thirty feet east thereof; that on account of the number of tracks at this crossing and the fact that the tracks curve in approaching from the south, she could not tell on which track the train was approaching; that after she had crossed four or five of the side-tracks the train came from behind a building traveling at a speed of fifty or sixty miles an hour; that she put on the brakes of the automobile, thinking that the train was approaching on the extreme western main-line track, and her automobile rolled onto the eastern main-line track, when she discovered that the train was bearing down on her on this track; that she did not have time to start her automobile and get off the track, but that the only thing left for her to do was to jump and abandon the automobile; that she jumped and the train struck the automobile, just missing her, and completely destroyed it, and fragments thereof struck her, injuring and damaging her; that the defendant was negligent in approaching the crossing without tolling the bell on the engine or otherwise signalling its approach, and in the failure of its agents in charge of the train to maintain a constant and vigilant lookout along the track ahead of the engine in approaching this crossing, where numerous people cross and it had reason to apprehend the presence of people thereon; that it was negligent in approaching the crossing at a speed of fifty or sixty miles an hour in violation of an existing ordinance of the city making it unlawful for any train to cross any street in the city at a greater rate of speed than fifteen miles an hour; that it was negligent in not having the train under such control that it could have been stopped in time to have avoided injuring plaintiff's wife; and that such acts of negligence caused her injuries, set forth a cause of action against the railroad company. Ga. L. 1918, pp. 213, 214; *Reed* v. *Southern Ry. Co.*, 37 *Ga. App.* 550 (140 S. E. 921); *Georgia S. W. &c. R. Co.* v. *Lasseter,* 39 *Ga. App.* 393 (147 S. E. 166); *Davis* v. *Whitcomb,* 30 *Ga. App.* 497 (118 S. E. 488); *Lime Cola Bottling Co.* v. *A. & W. P. R. Co.*, 34 *Ga. App.* 103 (128 S. E. 226); *Southern Ry. Co.* v. *Pair,* 32 *Ga. App.* 378, 379 (123 S. E. 142); *L. & N. R. Co.* v. *Faust,* 30 *Ga. App.* 310 (117 S. E. 761); *Western & Atlantic R. Co.* v. *Watkins,* 14 *Ga. App.* 388 (80 S. E. 916).

(*a*) Where a train is run at a crossing at a rate of speed in excess of that to which it is limited by ordinance, it is negligence per se, and the railroad company is liable if such speed is the proximate cause of the injury. *Central of Ga. Ry. Co.* v. *Tribble,* 112 *Ga.* 863 (38 S. E. 356); *Bugg* v. *Ledford,* 35 *Ga. App.* 647 (134 S. E. 330); *Dozier* v. *Central of Ga. Ry. Co.,* 12 *Ga. App.* 753 (78 S. E. 469).

(*b*) The attempt of the plaintiff's wife, who was not aware of the approach of the train, to cross these tracks at this crossing can not, as a matter of law, be said to constitute such contributory negligence as will bar a recovery. *Reed* v. *Southern Ry. Co.*, supra; *Central of Ga. Ry. Co.* v. *Hewell,* 42 *Ga. App.* 623 (157 S. E. 101). The case at bar is clearly distinguishable from *Peeples* v. *L. & N. R. Co.*, 37 *Ga. App.* 87 (139 S. E. 85), and *Cox* v. *Central of Ga. Ry. Co.*, 38 *Ga. App.* 88 (143 S. E. 444). See *Central of Ga. Ry. Co.* v. *Hewell*, supra.

(c) Where one is confronted with a sudden emergency, without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. *Southwestern R. Co.* v. *Paulk,* 24 *Ga.* 356; *Smith* v. *W. & T. R. Co.,* 83 *Ga.* 675 (10 S. E. 361); *Atlanta, Knoxville &c. Ry. Co.* v. *Roberts,* 116 *Ga.* 505, 508 (42 S. E. 753); *Pacetti* v. *Central of Ga. Ry. Co.,* 6 *Ga. App.* 97 (64 S. E. 302); *A. C. L. R. Co.* v. *Daniels,* 8 *Ga. App.* 775 (70 S. E. 203); *Napier* v. *DuBose,* 45 *Ga. App.* 661 (165 S. E. 773).

(d) Questions of negligence and proximate cause are questions to be determined by the jury, and unless the petition leaves the case so that no reasonable or rational mind could draw any inference but that the wife of the plaintiff below was negligent to the extent of being wanting in ordinary care for her own safety, the demurrer to the petition on this ground was properly overruled. *Central of Ga. Ry. Co.* v. *Larsen,* 19 *Ga. App.* 413 (91 S. E. 517); *Central of Ga. Ry. Co.* v. *Barnett,* 35 *Ga. App.* 528 (134 S. E. 126); *Reed* v. *Southern Ry. Co.,* supra; *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759 (154 S. E. 718).

(e) It follows that the court properly overruled the demurrer.

2. While it is true that unless the acts of negligence of the defendant are wilful or wanton, they will not authorize a recovery of damages where the resulting injury consists only in shock, fright, or mental pain and suffering (*Hines* v. *Evans,* 25 *Ga. App.* 829, 105 S. E. 59, and cit.), yet where such fright, shock, or mental suffering is attended with actual immediate physical injury, or follows therefrom as a direct consequence, such fright or mental suffering can itself be considered, together with the accompanying physical injury, wherein only wrongful acts of negligence are involved. *Williamson* v. *Central of Ga. Ry. Co.,* 127 *Ga.* 125 (56 S. E. 119). In the instant case there was evidence that the plaintiff's wife was injured by pieces of the automobile striking her, and that from this injury and the fact that she so narrowly escaped death by being run over by the train, she has suffered fright, nervousness, and physical and mental pain and suffering, thereby causing the plaintiff to lose her services as alleged.

3. The plaintiff submitted competent evidence tending to establish the allegations of his petition, which set forth a cause of action, and, the jury having returned a verdict in his favor, this court will not hold that the verdict was unauthorized by the evidence and contrary to law. The grounds of the amendment to the motion for a new trial are only general in their nature, and attack the verdict as being contrary to the evidence and to the law. The court properly overruled the motion for a new trial. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 8, 1932.

*R. L. Maynard, H. A. Wilkinson, Henry A. Wilkinson Jr.,* for plaintiff in error.

*J. A. Hixon, Hollis Fort,* contra.