22661. BUFFINGTON *v.* ATLANTA, BIRMINGHAM & COAST RAILROAD CO.

DECIDED MAY 29, 1933.

*N. F. Culpepper,* for plaintiff.

*Lovejoy & Mayer, Atkinson & Allen,* for defendant.

JENKINS, P. J. The plaintiff filed suit for the killing of her nineteen-year-old son by a locomotive and train operated by the defendant. The amended petition contains two counts, both alleging that the homicide occurred on a public crossing at about mid-

night, that the air was impregnated with fog and smoke to the extent that it obscured the vision of the deceased as he approached the crossing, and "so dense that objects could not be seen except at close range;" that about 40 feet from the crossing and 25 feet above the ground, an electric light was burning and shedding light on and along the street and directly on and beyond the crossing; and that, on account of such fog and smoke and electric light, it was impossible for the deceased to know that any train was approaching as he approached and walked on the same, when without warning or notice he was struck by the train and received the fatal injuries. The original first count seeks to recover for the negligence of the defendant's engineer and agents operating the train, in operating the train at the dangerous, reckless, and negligent speed of 40 to 50 miles per hour as it approached and passed over the public crossing; in failing to ring the bell on approaching the crossing within the city limits; in failing to keep and maintain a constant and vigilant lookout in such approach to avoid injury to persons on the crossing; and in failing to exercise due care in operating and controlling the engine and train as they approached and entered the crossing, so as to avoid injury to persons or property thereon. It further charges "that said engineer had no objects in the way to obscure his view or sight of her said son, and that he could have seen her son as he approached and entered upon said public crossing for more than 100 feet before the engine arrived at said crossing, if he had exercised due care in keeping a vigilant lookout ahead of said engine."

The added second count repeats the alleged acts of the defendant set forth as negligence in the first count, characterizes them as "negligent" and failure to exercise "due care," as described in the second division of the following decision, and combines them with charges of wilful and wanton misconduct by the defendant, in that the engineer "did see her said son on said crossing and did know of his peril when said engine was at least 200 feet from said crossing, and when her said son was unaware of his danger and before he had knowledge of said approaching locomotive and train," and when the engineer could have checked and stopped the train, and given warning by whistle and bell, yet failed to do so.

The defendant demurred to each of the counts, on the general grounds that it appeared from the allegations that the death of the

deceased was the result of his own negligence, and that by his exercise of ordinary care, he could have avoided being struck by the train. By special demurrer the defendant attacked the second count as duplicitous and contradictory, in alleging both that the engineer should have seen the deceased, but failed to do so, and that the engineer actually saw the deceased on the track, and, after seeing him, failed to warn him and stop. The defendant demurred specially to allegations in the second count that the defendant knew of the peril of the deceased, and knew of his presence and peril on the crossing when the engine was at least 200 feet from the crossing, and that the deceased was unaware of his danger, and was unable to escape from his peril and danger, and similar language, on the ground that they are conclusions of the pleader, and that there are no allegations as to how the engineer knew of such peril, or why the engineer knew the deceased was unaware of his danger, or could not assume that the deceased in his position could see the engine and engineer as easily as the engineer could see him, and get off the track. To the averment, "after [the engineer] knew that her son was unconsciously in danger," etc., the defendant demurred on similar grounds and the further ground that such language is ambiguous in not showing whether the son "was unconscious, or whether he was simply unconscious or unaware of the danger." The court below entered an order sustaining the general demurrer as to count 1 and count 2, and dismissing the entire petition, unless the plaintiff within fifteen days amended to meet the objections raised by special demurrer to count 2.

1. Under the rules stated in *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759, 760 (3, 4) (154 S. E. 718), 45 *Ga. App.* 781, 782 (165 S. E. 883), *Clements* v. *Central of Ga. Ry. Co.,* 41 *Ga. App.* 310 (152 S. E. 849), *Central of Ga. Ry. Co.* v. *Betsill,* 44 *Ga. App.* 219 (160 S. E. 663), and similar cases, the first count of the petition, setting up a lack of ordinary care on the defendant's part, was not subject to general demurrer as showing a plain, palpable, and indisputable injury caused by lack of ordinary care on the part of the deceased. The cases of *Cox* v. *Central of Ga. Ry. Co.,* 38 *Ga. App.* 88 (143 S. E. 444), s. c. 167 *Ga.* 416 (145 S. E. 875), and *Peeples* v. *Louisville & Nashville R. Co.,* 37 *Ga. App.* 87 (139 S. E. 85), if in any way conflicting with the first named case, are distinguishable from the instant case, in that the negligence of the person in-

jured and the absence of negligence on the part of the railroad company do not here appear on the face of the petition; especially in view of the allegations that the homicide occurred on a public crossing at midnight, when the air was impregnated with fog and smoke, with an electric light shedding its rays about and beyond the crossing.

2. Since the words "negligence" and "wilfulness" are incompatible, and a cause of action sounding in ordinary negligence is one thing, and one sounding in wilful misconduct is another, a plaintiff, in a single count, must proceed upon one theory or the other, and can not, in the absence of a statute permitting it, allege in such count both simple negligence and wilful misconduct. *Blanchard* v. *Ogletree,* 41 *Ga. App.* 4, 7 (152 S. E. 116). The defendant's demurrer attacked as duplicitous the allegations of the 2d count of the petition as charging in the same count wilful and wanton misconduct and ordinary negligence. The pleading might not be duplicitous, if it could be taken to sustain the contentions of counsel for the plaintiff in error that this count "merely seeks damages . . on account of wilful and wanton conduct," and "merely gives a recital of the facts and history of the transaction, the same as count 1, without making any claim for damages based on any kind of negligence except gross negligence and wilful and wanton conduct," and that "the recital of facts in both count 1 and count 2 are necessarily the same up to the point where it is alleged in count 2 that the engineer did see the decedent on said crossing, and did know of the peril of decedent when the engine was at least 200 feet from the crossing." But the pleadings themselves of count 2 can not be taken to support the argument. It repeats the averments of count 1 not only as a recital and history, but charges as *"negligent"* the matters alleged therein. It charges "neglect to exercise due care in operating said locomotive or engine," *"neglect"* to control the movement of said engine and train so as to avoid doing injury," and further avers that the engineer could have seen the deceased, "if he had exercised *due care* in keeping a vigilant lookout." These charges are united with those of wilful and wanton conduct in failing to stop or check the speed of the train after the engineer actually saw the deceased and knew of his peril when at least 200 feet from the crossing. Nor can the contention avail that the count makes no claim for damages based on any negligence "except gross

negligence and wilful and wanton conduct." Wilful and wanton misconduct and gross negligence are not, in this State, synonymous. Accordingly, the fact that the defendant's negligence is characterized as "gross" does not mean that the plaintiff is seeking to recover on account of wilful and wanton misconduct. *Blanchard* v. *Ogletree,* supra; *Lanier* v. *Bugg,* 32 *Ga. App.* 294, 296 (123 S. E. 145). The fact, therefore, that the second count, while combining charges of ordinary negligence and wilful and wanton misconduct, further makes the general allegation that the conduct of the engineer prior to his discovery of the deceased was "gross negligence," can not be taken to show that the sole intent of the pleader was to charge wilful and wanton misconduct. The count being duplicitous and likely to confuse a jury in passing upon its contentions, it was not error to sustain the demurrer and strike the count upon that ground, on the plaintiff's failure to amend within the fifteen days allowed him for that purpose.

3. The remaining grounds of demurrer, as set forth in the statement of facts, are without merit.

*Judgment reversed as to sustaining of demurrer to first count and dismissing of entire petition; and affirmed as to striking of second count. Stephens and Sutton, JJ., concur.*