27619. POLLARD, receiver, *v.* HAGAN *et al.*

DECIDED SEPTEMBER 11, 1939.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin,* for plaintiff in error.

*Talmadge, Fraser & Camp,* contra.

SUTTON, J. Harry E. Hagan and Harry E. Hagan Jr., a minor fifteen years old, sued H. D. Pollard as receiver of the Central of Georgia Railway, for damages for the alleged wrongful homicide of Mrs. Kathleen Elizabeth Hagan, their wife and mother. The petition alleged, in substance, that the deceased was killed by a passenger-train of the defendant as she was driving her automobile across a public crossing in Fulton County; that her death was proximately caused by certain specified acts of negligence on the part of the defendant; that the line of railway operated by the defendant, which runs from Atlanta to Macon, Georgia, goes through the town of Fort McPherson in Fulton County; that for some distance to the south of the station known as Fort McPherson the right of way of the defendant parallels the public highway which is several feet higher than the right of way of the defendant; that the crossing where the deceased met her death was known as Mickleberry crossing, and was located several hundred yards south of the station at Fort McPherson; that the track upon which the train was being operated ran in a northerly and southerly direction, and paralleled the highway upon which the deceased was traveling several hundred yards before the place where the deceased turned off onto the public crossing known as the Mickleberry crossing over the railway right of way; that said crossing is a public crossing and is constantly used by automobile traffic, which was well known to the defendant and its agents; that the collision occurred on October 11, 1938, about 9:30 o'clock in the morning; that the failure of the deceased to see the train before being struck was because the train was to her rear, she traveling in a parallel direction and going south on the public road adjoining

the railway-tracks of the defendant, and because of the location of a waiting-depot for patrons of the Georgia Power Company; that said waiting-depot was on the extreme eastern side of said public highway and adjacent to the right of way of the defendant, and was at all times to the left of the automobiles and other vehicular traffic traversing said crossing from west to east; that the right of way of defendant was several feet lower than the highway and was adjacent thereto; that the failure of the deceased to hear the said locomotive was due to the fact that the defendant did not blow its whistle or otherwise give any warning of its approach, and that the ordinary noises caused by a running train were drowned by a freight-train which was running in a southerly direction, and which had just passed the said Mickleberry crossing of the defendant. It was alleged that the defendant was negligent in failing to blow the whistle of the locomotive upon approaching a public crossing; in running and operating its train at the high, dangerous, and negligent rate of speed of forty-five miles per hour on approaching a public crossing; in failing to exercise proper care in the operation of its train as it approached a public crossing; in failing to keep a constant and vigilant lookout along the track ahead of said locomotive; in failing to give any warning of the approach of its train toward a public crossing; and in not slowing its train down to a safe and reasonable speed in approaching a public crossing. The defendant demurred generally and specially to the petition, and the exception is to the overruling of the demurrers.

1. While it is true that a pleading is to be construed most strongly against the pleader, and that if an inference unfavorable to the right of a party claiming a right under such pleading may be fairly drawn from the facts stated therein, such inference, on demurrer, will prevail in determining the rights of the parties (*Krueger* v. *MacDougald,* 148 *Ga.* 429, 96 S. E. 867), and that no person can recover damages from a railroad company for injuries to himself where the same are caused by his own negligence, or where by the exercise of ordinary care he could have avoided the consequences to himself caused by the railroad company's negligence, still it has been held many times by this court and the Supreme Court that what amounts to negligence, contributory negligence, proximate cause, etc., are questions peculiarly for the determination of a jury under appropriate instructions from the

court, and such questions will not be solved by the court as a matter of law except in plain and indisputable cases. *Southern Railway Co.* v. *Slaton,* 41 *Ga. App.* 759 (3) (154 S. E. 718); *Central of Georgia Ry. Co.* v. *Leonard,* 49 *Ga. App.* 689, 702 (176 S. E. 137); *Pollard* v. *Heard,* 53 *Ga. App.* 623, 625 (186 S. E. 894). A plaintiff is not obliged to allege facts showing that he exercised due care for his own safety, or that the injury was not the result of his own negligence; but his petition is sufficient to withstand a general demurrer where it alleges that his injury was the result of the defendant's negligence, setting forth facts from which the jury might find that the defendant was negligent. The public highway on which the deceased in the present case was traveling paralleled and was adjacent to the right of way of the defendant, and the crossing where she was struck and killed was a public crossing and was constantly used by automobile traffic, which was well known to the defendant and its agents. The deceased, when she turned her automobile from the public highway onto the railroad crossing, could not see the approaching passenger-train, because it was to her rear, and because of the location of the waiting-depot which was between her automobile and the passenger-train just before she got onto the crossing; and she could not hear it because of the noise of the freight-train which had just passed over the crossing, and because of the failure of the passenger-train to blow its whistle or otherwise give any warning of its approach. It also appeared from the petition that the defendant's train which struck the automobile of the deceased was being operated at a speed of more than forty-five miles per hour, and that it failed to slow down on approaching said public crossing. Under the allegations of the petition this court can not say as a matter of law that the deceased's death was brought about by her own negligence, or by her failure to exercise proper care for her safety after discovering the negligence of the defendant in the operation of its passenger-train, or after such alleged negligence should have been discovered by her in the exercise of ordinary care. The case made by the petition was one for the jury, and the court properly overruled the general demurrer. The cases of *Moore* v. *S. A. L. Ry. Co.,* 30 *Ga. App.* 466 (118 S. E. 471), *Peeples* v. *L. & N. R. Co.,* 37 *Ga. App.* 87 (139 S. E. 85), *Cox* v. *Central of Georgia Ry. Co.,* 38 *Ga. App.* 88 (143 S. E. 444), and *Coleman* v. *Western & Atlantic*

*Railroad,* 48 *Ga. App.* 343 (172 S. E. 577), cited by the plaintiff in error, are clearly distinguishable on their facts from the present case.

2. The allegations that the waiting-depot was located at the public crossing, on the western side thereof, and on the extreme eastern edge of the public highway, and adjacent to the right of way of the railroad company at this point, and that because of the location and position of the said waiting-depot, which was between the deceased's automobile and the passenger-train of the defendant just before her automobile got upon said crossing, were not subject to the special demurrer to the effect that the waiting-depot was not described and that its location was not stated, and whether this structure was of such a nature as to obstruct the view of the tracks of the defendant or of said public crossing. It will be seen from the allegations of the petition that the waiting-depot was between the deceased and the approaching passenger-train of the defendant as the deceased drove her automobile from the public highway onto the railroad crossing, and that her view of the approaching train was thereby obstructed.

3. The allegations that a long freight-train belonging to and operated by the defendant was also traveling in a southerly direction along an adjacent track upon which the passenger-train was traveling, and that the rear of said freight-train had just cleared the crossing when the deceased went onto said crossing from the public highway, and that she was unable to hear the passenger-train, which was approaching the crossing, because of the noise made by the freight-train, are not subject to the special demurrer on the ground that the length of the freight-train is not stated, and it is not shown how far ahead of the passenger-train the freight-train was being operated, or whether it was standing or moving at the time of the alleged accident, or whether the track upon which the freight-train was moving was immediately adjacent to that upon which the passenger-train was moving, or on the ground that it does not appear how or in what manner the noise made by the freight-train prevented the deceased from hearing the passenger-train, or whether the freight-train was standing or moving. It will be seen from the allegations of the petition that the freight-train referred to was a long freight-train, that it was traveling in a southerly direction on a track adjacent to the one

the passenger-train was approaching on, and that it had just cleared the crossing before the deceased drove her automobile thereon. We do not think that the allegations of the petition in this respect were subject to the objections raised in the special demurrer. The court did not err in overruling the demurrers.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*