34988.   PONDER *v.* McKINZIE.

Decided March 10, 1954—Rehearing denied March 30, 1954.

*Rountree & Rountree,* for plaintiff in error.

*Williams & Smith, Price, Spivey & Carlton,* contra.

CARLISLE, J. ■ By certain of his special demurrers, the defendant Ponder demands to know: (a) Why McKinzie had no control over the taxicab in which he was riding? (b) Where was McKinzie sitting in the taxicab just prior to the collision? (c) Was McKinzie asleep or awake just prior to the collision? (d) How long had the taxicab in which McKinzie was riding been traveling at 65 miles per hour? (e) What was the visibility and how far could objects have been seen in the road ahead at the time of the collision? (f) How far was McKinzie from the truck when it became visible to him?

The gist of the plaintiff's cause of action is the alleged negligence of the defendant Ponder and the alleged negligence of the defendant Averett, which combined to cause her son's death. The defendant Ponder by his special demurrers is not asking for information which would make the charges of negligence against him less vague, less uncertain, or less ambiguous. On the other hand, he is asking for information which bears only upon the questions of McKinzie's contributory negligence and whether, in the exercise of ordinary care, he could have avoided the defendant's negligence after it became apparent to him or in the exercise of ordinary care should have become apparent to him. See, in this connection, *Crandall* v. *Sammons,* 62 *Ga. App.* 1, 4

(7 S. E. 2d 575); *Russell* v. *Bayne,* 45 *Ga. App.* 55, 56 (163 S. E. 290), and citations. In an action for negligence brought by a guest against his host and a third party tortfeasor, it is not incumbent upon the plaintiff to negative his own negligence, or to show that he exercised due care for his own safety. Those are matters for affirmative defense and must be pleaded. *Hardwick* v. *Figgers,* 26 *Ga. App.* 494 (106 S. E. 738); *Sims* v. *Martin,* 33 *Ga. App.* 486 (8) (126 S. E. 872); *Pollard* v. *Hagan,* 60 *Ga. App.* 581 (4 S. E. 2d 477). Good pleading requires only that the plaintiff plainly and concisely state the material ultimate facts on which the plaintiff depends for a recovery. The information asked for by the defendant's special demurrers is not peculiarly within the plaintiff's knowledge, and her failure to furnish this information, which is equally within the grasp of the defendant, does not have the effect of not putting the defendant on notice as to how to prepare his defense. *Riley* v. *Wrightsville & Tennille R. Co.,* 133 *Ga.* 413, 421 (65 S. E. 890, 24 L. R. A. (NS) 379, 18 Ann. Cas. 208). It follows that the trial court did not err in overruling the special demurrers calling for the information indicated above.

■ Counsel for the defendant Ponder insists that, when the petition is construed most strongly against the plaintiff, it appears as a matter of law that the alleged negligence of Ponder's servant in leaving Ponder's truck parked on the highway without lights did not concur in producing the death of the plaintiff's son, as under such a construction of the petition, it is shown that the sole proximate cause of the death of the son was the alleged negligence of the defendant Averett's servant Coxwell in driving the taxicab at an excessive speed under the conditions alleged, and in failing to keep a proper lookout ahead and failing to apply the brakes of the taxicab so as to bring the taxicab to a stop before striking the truck.

"There may be more than one proximate cause of an injury. *Shermer* v. *Crowe,* 53 *Ga. App.* 418 (3) (186 S. E. 224). It is no defense to an action for an injury resulting from negligence that the negligence of a third person contributed to cause the injury, if the negligence of the defendant was an efficient cause without which the injury would not have occurred. *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161, 173 (59 S. E. 442). 'In case two or

more near and preponderating negligent causes are found to have become effectuated in the same injurious result, the question as to which of the two or more negligent actors is to be held responsible is determined usually in this wise: If the two negligent acts are so related that the first would not probably have resulted in injury if the other had not occurred, and the latter amounts to such a preponderating cause that it probably would have produced the injury even if the first negligence had not occurred, or if the author of the latter negligence, with the intermediate effects of the former negligence consciously before him, is guilty of a new negligent act which preponderates in producing the injurious effect, we say that the first negligent cause is not the proximate cause, that the intervention of the latter negligence breaks the chain of causal connection so far as juridic purposes are concerned. But if two negligent causes stand so related that neither would have produced a harmful result but for the other, and both of them consist of such acts as, according to the general course of human probabilities, produce some such injurious effect as that which did in fact ensue—i.e., if both the negligent causes are material factors in producing the injury, and are closely connected with it, and one has not so intervened as to make it the preponderating cause, we say that the two negligent actors are guilty of concurring negligence.' *Atlantic Coast Line R. Co.* v. *Daniels,* 8 *Ga. App.* 775, 780 (70 S. E. 203). 'The proximate cause of an injury may be two separate and distinct acts of negligence acting concurrently in causing the injury. [Citations.] While the causal connection between an act of negligence and a resulting injury is not broken by an intervening act which immediately causes the injury where this act can, in the exercise of due care, be foreseen by the original wrongdoer, the negligence in the intervening act may concur with the negligence of the original wrongdoer in causing the injury, and the perpetrators of both acts may be joint tort-feasors.' *Allyn & Bacon Book Publishers* v. *Nicholson,* 58 *Ga. App.* 729 (199 S. E. 771)." *Callahan* v. *Cofield,* 61 *Ga. App.* 780, 781 (7 S. E. 2d 592).

It is alleged in the petition that the plaintiff's son met his death as the result of certain specified acts of negligence on the part of the defendant Ponder's servant and on the part of the defendant Averett's servant. It was for the jury to determine

whether the two defendants were guilty of negligence in any of the particulars charged, and, if so, whether the concurrent negligence of the two defendants, or the separate acts of either, constituted the proximate cause or causes of the injury.

While in *Andrews* v. *Kinsel,* 114 *Ga.* 390 (2) (40 S. E. 300, 88 Am. St. R. 25), it was held in effect that, where there has intervened between the defendant's negligence and the injury an independent illegal act of a third person producing the injury, without which it would not have occurred, such independent criminal act should be treated as the proximate cause, insulating and excluding the negligence of the defendant, it has been held in *Williams* v. *Grier,* 196 *Ga.* 327, 338 (26 S. E. 2d 698), that this rule does not apply if the defendant had reasonable grounds for apprehending that such criminal act would be committed. Under the allegations of the petition, there was a duty upon each of the defendants to anticipate that others like himself would disobey the traffic laws and regulations, as each defendant is charged with one or more violations of the traffic laws and regulations. *Smith* v. *American Oil Co.,* 77 *Ga. App.* 463, 499 (49 S. E. 2d 90); *Williams* v. *Grier,* supra, and citations.

As we have stated, each of the defendants, under the allegations of the petition, should have anticipated that some injury might occur as a result of his own negligence. It follows that the petition stated a cause of action against the defendant Ponder for negligence in parking the truck on the highway so as to obstruct traffic and without lights to warn approaching traffic of the presence of the truck on the highway. The weather is alleged to have been cloudy, and the truck was parked just over the crest of a hill so that the driver of the taxicab could not see the truck until he was within 100 feet of it. We can not say as a matter of law that the negligence of the taxicab driver charged in the petition was the sole proximate cause of the alleged injury.

The allegations of the petition do not bring this case within the class of cases exemplified by *Brinson* v. *Davis,* 32 *Ga. App.* 37 (122 S. E. 643).

From what has been said, it follows that the trial court did not err in overruling the general demurrer.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*