35840. STATE PARK MARINA, INC. *v.* MULLER.

Decided October 5, 1955.

*Joseph J. Fine, F. H. Boney, John H. Mobley,* for plaintiff in error.

*Hewlett, Dennis, Bowden & Barton, Sam D. Hewlett, Jr.,* contra.

CARLISLE, J. ■ "It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference on demurrer, will prevail in determining the rights of the parties. *Krueger* v. *McDougald,* 148 *Ga.* 429 (1) (96 S. E. 867)." *Moore* v. *Seaboard Air-Line Ry. Co.,* 30 *Ga. App.* 466 (118 S. E. 471). It is the defendant's contention that, under an application of the foregoing rule of construction, it appears from the petition and

inferences properly to be drawn therefrom that the plaintiff could, in the exercise of ordinary care, have avoided the consequences to himself of the negligence of the defendant's employees, and that consequently, according to the rule stated in Code § 105-603, covering such situations, the plaintiff may not recover. The line of the defendant's reasoning is this: Since the plaintiff had been operating his motor boat, he necessarily knew that the exhaust pipe was hot; that, since there is no allegation that the overflow of gasoline into the boat was unknown to him, he must have known of it; that, since there is no allegation that the boat was concealed from the plaintiff's view, it must have been within the range of his view; that, since the plaintiff's injuries are such as those alleged, he must have been in, or close to, the boat; that, since there is no allegation that he had no knowledge of the impending danger, he must necessarily have had knowledge of it; that, since there is no allegation that the explosion ensued immediately upon the overflow of the gasoline into the boat, and it is alleged that quantities of gasoline did overflow sufficient to fill the bottom of the boat before the explosion did ensue, the plaintiff had sufficient time to remove himself from danger before the explosion, since the plaintiff as a conscious human being, without impairment of his bodily senses, was bound to exercise ordinary care to avoid the consequences of the defendant's negligence by getting out of the way of a probable or known danger.

Such a line of reasoning, we think, is faulty. It is nowhere alleged in what position the plaintiff was standing or sitting at the time of the explosion, and had the defendant wished this information, he should have asked for it by special demurrer. Filling a gas tank on a motor boat with gasoline is not ordinarily a dangerous operation, and while overflowing the tank may be dangerous, there is nothing in the petition from which the inference may be drawn that the plaintiff had any reason to anticipate that the tank would be overflowed so that the gasoline would come into contact with the hot exhaust pipe. Indeed, he had every right to anticipate the contrary. While the nature of the plaintiff's injuries, or the fact that he was injured at all, necessarily indicates that he was within the ambit of the explosion, it does not follow that his injuries indicate that he was in the boat or even so near the boat as to observe the filling operation

going on, which was under the control of the defendant's employees. We know of no duty on the part of the plaintiff to have supervised the operation; and until he knew of the danger or in the exercise of ordinary care had reason to anticipate the danger, no duty devolved upon him to avoid the consequences of the negligence of the defendant's employees. It follows, we think, that properly construed, most strongly against the pleader, the petition still does not show that the plaintiff could have avoided the consequences of the defendant's negligence, and it is well established that the plaintiff is not required under our rules of pleading to negative his own negligence, if any. *Hardwick* v. *Figgers*, 26 *Ga. App.* 494 (2) (106 S. E. 738) ; *Sims* v. *Martin*, 33 *Ga. App.* 4£6 (8) (126 S. E. 872) ; *Pollard* v. *Hagan*, 60 *Ga. App.* 581, 583 (4 S. E. 2d 477).

The cases upon which the defendant relies are not in point, as in each of those cases it appears that the acts which caused the plaintiff's injuries were affirmative acts on the part of the plaintiff himself.

The trial court did not err in overruling the general demurrer to the petition.

■ Headnote 2 requires no elaboration.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*