35905. SOUTHERN RAILWAY COMPANY *v.* GRANT *et al.*
35917. ARRINGTON *v.* GRANT *et al.*

Decided January 6, 1956.

*Marshall, Greene & Neely, Edgar A. Neely, Jr.,* for Southern Railway Company.

*Nall, Sterne, Miller, Cadenhead & Dennis, Carter, Latimer & Savell,* for Grant *et al.*

*Grant, Wiggins, Grizzard & Smith,* for Arrington.

NICHOLS, J. 1. In the present case it is contended that the alleged negligence of the defendant Arrington—in firing a shot from a pistol, and in attempting to run off the road the automobile which was later struck by the train of the Southern Railway Company—combined with the alleged negligence of the other defendants so as to constitute the proximate cause of the plaintiff's injuries.

"Questions as to diligence and negligence, including contributory negligence and what constitutes the proximate cause of an injury complained of, are peculiarly questions for the jury, and this court will not solve them on general demurrer unless they appear palpably clear." *Mason v. Frankel,* 49 *Ga. App.* 145 (2) (174 S. E. 546); *Duren v. City of Thomasville,* 92 *Ga. App.* 706 (89 S. E. 2d 840). Therefore, the argument of the defendant Arrington, that the judgment of the trial court overruling his general demurrer to the petition should be reversed is without merit since it is not palpably clear that the negligence charged to this defendant did not contribute to the proximate cause of the injury to the plaintiff.

The special demurrers interposed by this defendant are controlled by the ruling on the general demurrer, and the judgment of the trial court thereon must be affirmed.

2. The petition alleged that the defendant Southern Railway Company was negligent through its agent in failing to keep a proper lookout ahead of the train, in failing to ring the engine bell, sound the whistle or horn, or otherwise give motorists using McDaniel Street any warning of the approach of such train and was negligent in operating the train at a speed of thirty miles per hour in violation of a valid pleaded ordinance of the City of Atlanta which prohibits trains from being operated at a rate of

speed in excess of twenty-five miles per hour within the city limits. It was further alleged that the concurrent acts of negligence of the various defendants caused the injuries to the plaintiff for which recovery is sought.

The allegation that the defendant railway company's train was being operated at a speed greater than allowed by city ordinance at the time of the collision was an allegation of negligence per se, and if this be proved on the trial of the case, and this was the proximate cause of the collision which produced the plaintiff's injuries the defendant railway company would be liable. *Central of Georgia Ry. Co. v. Barnes*, 46 *Ga. App.* 158 (1 a) (167 S. E. 217), and cases cited. Also the other allegations of negligence on the part of the defendant railway company that through its engineer it failed to keep a proper lookout ahead of the train and failed to ring the bell, sound the whistle or horn, or otherwise give motorists any warning of the approach of the train would be negligence per se under Code § 94-507, and would also fall within the provisions of the ruling of this court, in *Central of Georgia Ry. Co. v. Barnes*, supra.

Under the ruling of this court in *Callahan v. Cofield*, 61 *Ga. App.* 780 (7 S. E. 2d 592), it is properly a question for the jury in the present case as to what act, or acts, of negligence caused the alleged injuries to the plaintiff. See also *McGinnis v. Shaw*, 46 *Ga. App.* 248 (167 S. E. 533) ; *Luke v. Powell*, 63 *Ga. App.* 795 (12 S. E. 2d 196), and cases cited.

Accordingly, the trial court did not err in overruling the general demurrer of the defendant railway company based on the ground that the petition did not set forth a cause of action against it.

3. The special demurrers of the defendant railway company based on the ground that the allegations of the plaintiff's petition concerning it were, "irrelevant, immaterial, and prejudicial, it not appearing that any proximate causal connection existed between the alleged facts therein set forth and the plaintiff's injury," are controlled by the judgment on the defendant's general demurrer, as is the special demurrer directed to the pleaded ordinance of the City of Atlanta. The balance of the special demurrers which allege that the allegations of negligence charged

to this defendant were not supported by well pleaded facts are without merit and were properly overruled by the trial court.

*Judgments affirmed in both cases. Felton, C. J., and Quillian, J., concur.*