36205.   COBB *v.* COLEMAN.

DECIDED JUNE 14, 1956—REHEARING DENIED JULY 2, 1956.

*Marshall, Greene & Neely, Ferdinand Buckley,* for plaintiff in error.

*E. Harold Sheats, Paul B. Huckeby,* contra.

CARLISLE, J. ■ In special ground 1 of the motion for a new trial, the following exerpt from the charge of the court is assigned as error as an abstract principle of law:

"And, gentlemen, I charge you that the plaintiff contends that the defendant was violating certain sections of the Georgia Code, one of which is 68-301. Our Code provides that no person shall operate a motor vehicle upon any public street or highway at a speed greater than is reasonable and safe, having due respect for the width, grade, character, traffic, and common use of such street or highway, nor so as to endanger life or limb or property in any respect watsoever.

"Section 68-301, subsection (i), provides, an operator of an automobile shall reduce speed at crossings or intersections of highways or bridges.

"And, I charge you, gentlemen, if these laws were violated by the defendant, that would be negligence per se in the violation of the laws of the State of Georgia, which would constitute negligence in failure to exercise ordinary care."

A general assignment of error upon a designated portion of the judge's charge will be considered for the purpose of ascertaining whether or not the particular language thus complained of states a correct abstract principle of law. If it does, then the investigation must end here; for in the absence of a specific assignment of error, this court will not inquire whether the words excepted to are or are not adjusted to the issues and facts of the case. If an instruction is excepted to in general terms, but erroneous because it is not a correct or accurate statement of the law, then, as all error is presumably prejudicial, the record will be examined for the purpose of ascertaining whether or not the party complaining has really been injured by the giving of such instruction. *Anderson* v. *Southern Ry. Co.,* 107 *Ga.* 500 (4) (33 S. E. 644).

The vice imputed to these excerpts from the charge is that they instructed the jury that a violation of the designated Code sections would constitute negligence per se.

"Every violation of any of those duties of omission or com-

mission which, arising from man's state as a social being, have received recognition by the law of the land, either generally or specifically, is an act of negligence. So long as these duties remained undefined or defined only in abstract general terms, a breach is not properly denominated negligence per se; but when any specific act or dereliction is so universally wrongful as to attract the attention of the lawmaking power, and this concrete wrong is expressly prohibited by law or ordinance, a violation of this law, a commission of the specific act forbidden, is, for civil purposes, correctly called negligence per se. In those jurisdictions in which the application of the facts to the law rests with the jury, the court can not primarily declare that any particular concrete act or state of circumstances amounts to a breach of duty, unless the law so expressly declares: this finding is left to the jury; but if the law itself puts its finger on a particular thing and says 'this is wrong,' the court may also (for there is no question as to a fact which the law says exists) put its finger on that same thing and say, 'This is negligence—negligence per se.' This artificial distinction, between negligence per se and negligence not per se, respects, therefore, merely the method by which the existence of negligence is to be ascertained in particular instances." *Platt* v. *Southern Photo Material Co.*, 4 *Ga. App.* 159, 163 (60 S. E. 1068).

It was not harmful error for the court to charge the jury that the defendant would be guilty of negligence per se if he violated the provisions of Code §§ 68-301 and 68-303. While a violation of these sections would not be negligence per se as they are too indefinite for enforcement, they furnish a rule of civil conduct under the circumstances of each individual case. And, though to charge that their violation would constitute negligence per se is inappropriate, the jury would necessarily have had to find that the defendant was guilty of common-law negligence in order to find that the violation of those sections was negligence per se, and having found the defendant negligent at common law, it was immaterial whether the negligence was negligence per se or not. *Willis* v. *Jones*, 89 *Ga. App.* 824, 827 (81 S. E. 2d 517), and cit. This ground is without merit.

■ In special grounds 2 and 3, error is assigned upon the trial court's permitting the two police officers who investigated the

collision shortly after its occurrence to give their opinions of the speed of the defendant's automobile at the time of the wreck. While neither officer had ever investigated a wreck occurring under precisely the same circumstances as the one presently under consideration, both officers were shown to have broad experience in investigating other accidents and collisions involving motor vehicles, and in estimating the speeds at which those vehicles were traveling at the time of those accidents and collisions. In his testimony, each officer fully described the scene of the wreck, relating the weather conditions under which it occurred, the condition of the road at the time, the objects struck by the defendant's automobile, the distance traveled by it after striking the first object and the degree of damage caused to the defendant's car; and, whether considered as expert or lay witnesses, having properly given the facts upon which their opinions were based, the officers were qualified to give their estimates of the speed at which the defendant's car was traveling at the time of the wreck. *Central of Georgia Ry. Co.* v. *Keating,* 45 *Ga. App.* 811 (2), 814 (165 S. E. 873); *Stenger* v. *Weller,* 47 *Ga. App.* 863 (171 S. E. 829); *Taylor* v. *State,* 135 *Ga.* 622 (70 S. E. 237); *McClendon* v. *State,* 7 *Ga. App.* 784 (68 S. E. 331); *Collins* v. *State,* 86 *Ga. App.* 157 (1) (71 S. E. 2d 99). There is no merit in either of these two special grounds of the motion for a new trial.

■ " 'One riding by invitation and gratuiously in another's automobile cannot recover for injuries caused by the other's negligence in driving, unless it amounted to gross negligence.' *Epps* v. *Parrish,* 26 *Ga. App.* 399 (106 S. E. 297); *Blanchard* v. *Ogletree,* 41 *Ga. App.* 4 (152 S. E. 116), and cit. But questions of negligence and diligence, even as to gross negligence and slight diligence, as well as determination of what constitutes the proximate cause of an injury, and what amounts to a failure to exercise ordinary care on the part of a plaintiff are generally questions for the jury. *Rosenhoff* v. *Schaul,* 42 *Ga. App.* 776 (157 S. E. 215); *Farrar* v. *Farrar,* 41 *Ga. App.* 120 (152 S. E. 278)." *West* v. *Rosenberg,* 44 *Ga. App.* 211 (160 S. E. 808). Under an application of the foregoing principles of law to the facts of the present case, this court cannot say as a matter of law that the defendant was not guilty of gross negligence.

From the evidence adduced upon the trial, the jury was au-

thorized to find that the plaintiff and the defendant, young men in their twenties, who were friends, met on the evening of March 18, 1952, at a bowling alley in the southwest section of Atlanta and decided to visit a young lady in East Point. They departed in an automobile driven by the defendant, with the plaintiff beside him on the front seat, at approximately 7:30 p. m. when it was dark and a heavy rain was falling. As they proceeded down a slight grade and around a slight curve on Stanton Road in East Point, the automobile struck an accumulation of water and mud upon the approach to a bridge upon the road, spun completely around on the bridge, which was about three lengths of the automobile long, and swerved left across the road from its proper lane and the rear end of the car struck a boulder, located some 30 feet beyond the bridge and set in an embankment approximately four feet off the asphalt pavement, which was 40 feet wide at that point. The automobile then careened back across the road and came to rest after striking a telephone pole located some 50 feet from the boulder and some 75 feet from the bridge. The left rear fender and trunk of the automobile was badly damaged; the rear glass was completed torn away; the spare tire was torn out, and thrown from the trunk, the front end was severely damaged, and the drive shaft was torn away. The plaintiff was thrown from the automobile and severely injured. One of the two police officers who investigated the wreck only a few minutes after its occurrence estimated that, under the conditions existing at the time of the wreck and the resulting damage, the defendant was traveling at a speed of approximately 50 miles per hour. The other officer estimated that the defendant was driving at about 45 miles per hour. The defendant admitted that the speed limit at that point on the road was 35 miles per hour, but contended that he was not exceeding that limit. The plaintiff's memory of the evening in question was extremely vague. At one point in his testimony he stated that he remembered nothing after meeting the defendant at the bowling alley in Atlanta, and at another point he remembered vaguely their turning into Stanton Road and a sensation of the automobile's sliding on the bridge. From these findings which the jury was authorized to make from the evidence, the jury could infer that under the circumstances and

conditions present at the time of the wreck and the speed at which the automobile was traveling the defendant was guilty of gross negligence.

In an action for negligence brought by a guest against his host, it is not incumbent upon the plaintiff to negative his own negligence or to show that he exercised due care for his own safety. Those are matters for affirmative defense and must be pleaded and proved by the defendant. *Hardwick* v. *Figgers,* 26 *Ga. App.* 494 (106 S. E. 738); *Pollard* v. *Hagan,* 60 *Ga. App.* 581 (4 S. E. 2d 477); *Ponder* v. *McKenzie,* 89 *Ga. App.* 846, 850 (81 S. E. 2d 551). The only evidence in any way bearing upon the question of the plaintiff's contributory negligence was that he was on the seat beside the defendant and made no protest to the manner in which the plaintiff was driving. The jury was authorized, consequently, to find that the defendant failed to carry the burden of proof on this question.

By stipulation counsel for the defendant conceded that if the evidence was sufficient to show legal liability on the part of the defendant, then the evidence was sufficient to authorize the jury to find that the plaintiff had been damaged in the amount of $10,000, the sum found by the jury. If the jury was authorized to find under the conflicting evidence that the defendant was guilty of gross negligence and that the plaintiff was not guilty of any contributory negligence, the verdict was authorized, and the trial court did not err in denying the motion for new trial based on the general grounds, nor did the court err in refusing to grant the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*