'1309. ATLANTIC COAST LINE RAILROAD CO. v. ODUM.

1. An assignment of error which assumes that to be a fact which has no existence in the record is without merit; and likewise is an exception valueless which depends on an erroneous conception of the law.

2. Requested instructions need not be given in the identical language of the written request, if the matter or principle embraced therein is correctly and amply presented in the charge of the court.

3. The evidence did not authorize any instructions upon the subject of contributory negligence, and the principles embodied in sections 3830 and 2322 of the Civil Code should not have been given in charge to the jury. The mere fact that the plaintiff was the only passenger injured in the wreck is not of itself evidence that the defendant carrier was not negligent, or that the plaintiff, by the exercise of ordinary care, could have avoided injury.

4. To require a new trial, not only error, but injury, must appear.

(a) Verbal inaccuracies in the instruction upon the subject of the meas-ure of damages do not necessarily require the grant of a new trial.

(b) Even if the court erred in its explanation of the mortality and an-nuity tables, and although the court may have failed to accurately state to the jury that the plaintiff's recovery, if he was entitled to re-cover for permanent injuries, would be the present cash value of an annuity for life, such error would be no cause for a new trial, where it manifestly appears that the jury were not misled thereby, and that the omission of more accurate and definite instructions, if injurious to either party, benefited the plaintiff in error and diminished the finding in favor of the plaintiff in the lower court.

5. The evidence was conflicting. It was the right of the jury to prefer the testimony of the plaintiff. This testimony required a finding in the plaintiff's favor, and would have authorized a larger verdict. There was no merit in the motion for new trial, and it was properly overruled.

Action for damages, from city court of Thomasville—Judge. Hansell. May 23, 1908.

Submitted October 29, 1908.—Decided March 16, 1909.

*W. C. Snodgrass, Bennet & Branch,* for plaintiff in error.

*Theodore Titus,* contra.

RUSSELL, J. Odum brought suit in the city court of Thomas-ville against the Atlantic Coast Line Railroad Company, for $5,000, damages for personal injuries inflicted upon him in the wreck of a passenger train. The jury returned a verdict in favor of the plaintiff, for $1,500; and the defendant brings this writ of error to review the judgment of the judge of the city court, overruling its motion for new trial. Besides the usual general grounds, the motion contained four assignments of error upon the charge of the court. Upon careful review of the record we find that there is nothing in the general grounds. The case is simply one of conflict of evidence, in which the veracity of the witnesses was put to the test before the jury; and the jury, as they had a right to do, preferred to believe the testimony in behalf of the plain-tiff, rather than the testimony in behalf of the defendant. Upon this point this court has no power and no disposition to interfere with the prerogative of the jury. As we have frequently ruled, the finding of a jury upon contested issues of fact will not be interfered with, unless their finding was induced by some error on the part of the court, or some conduct on the part of counsel or bystanders. Counsel for the plaintiff in error insists that the

finding of the jury in this case was evidently the result of prejudice or bias. With us this statement does not find any confirmation, from the fact pointed to by counsel, that three or more witnesses, who were unimpeached, swore to a state of facts directly contradictory to those testified to by the plaintiff, whose testimony was unsupported. Almost daily we have before us cases where the jury prefer to believe one witness testifying to a state of facts, in preference to a large number who testify to the contrary. However, in the absence of some circumstance other than the mere fact that the jury based their verdict on the testimony of one witness, rather than on that of several in conflict with him, we do not think we would be safe in rushing to the conclusion that this was an evidence of prejudice or bias, or, indeed, anything more than the exercise of the prerogative of a jury to decide, in the case of conflict in the evidence, what witness or witnesses they will believe. In many cases, where the evidence was sufficient to support the verdict, and where no error of law had been committed, we should have been forced to grant new trials, if we had taken the fact that the jury believed one witness, rather than several who swore in conflict with him, as evidence of prejudice and bias.

1, 2. In the first ground of the amended motion it is insisted that the court erred in refusing to charge the jury that " if they believed from the evidence that the plaintiff was injured by the Atlantic Coast Line Railroad Company, but not in the manner alleged in the petition of plaintiff, it would be their duty to find their verdict in favor of the defendant, the Atlantic Coast Line Railroad Company." It is not insisted in this ground of the motion that the court did not in the general charge confine the plaintiff to recovery upon the allegations of the petition, but it is contended that the charge requested would have been especially appropriate because there was evidence that the plaintiff had previously given an account of the manner of his injuries, radically different from the account given by him to the jury; and the attorney for the plaintiff had stated to counsel for the defendant, in the presence of the jury, that the defendant would be liable if the plaintiff had been injured by the defendant in either way; though the plaintiff's counsel did not insist upon this view, in his argument to the court and jury. The request contained a

principle of law abstractly correct; and if the court had omitted to embody the principle in his charge, after proper written request, it might require the grant of a new trial, especially if the testimony in behalf of the plaintiff, at the trial, made a different case from that set out in the petition. But there is no error for the reason stated in the motion for new trial. It is assumed, from the fact that there is evidence in the record that the plaintiff had made contradictory statements as to the manner in which he was injured, that this is evidence that he may have been injured in a manner different from that alleged in the petition. There is, as a matter of fact, no evidence in the record that he was injured in any other way than that set out in the petition. The proof of the contradictory statements is not evidence at all as to the manner in which the plaintiff was injured. Nothing is better settled than that proof of previous contradictory statements alleged to have been made by a witness is not affirmative proof of the statements therein contained. Such testimony is impeaching only, and is to be used for no other purpose than to affect the credibility of the witness who may have made the contradictory statements. In the present case the fact that Odum told Parker and Sparks and others that he was injured by being run over by other passengers on the car was no evidence whatever that he was injured in that manner. The jury were not permitted, under the law, to consider it for that purpose; but if the jury had believed that Odum made the statements accredited to him, they would have been authorized to discredit the statement he made to the jury as to the manner in which he was injured (and which is in accord with his petition); and in that event the jury would necessarily have found for the defendant. The assignments of error really present nothing for our consideration, for the reason that the learned counsel evidently misconceived the sole purpose for which the proof of the previous statements or admissions of the plaintiff was admitted. If the previous statements were introduced for the purpose of impeaching the plaintiff as a witness, as we have above stated, such previous statements would not constitute affirmative proof. If such previous statements of the plaintiff are to be treated as admissions, then the defendant might have been absolved from liability altogether; but, in that view of the case, the request was not pertinent nor

adjusted to the evidence. If proof of the plaintiff's former account of the manner of his injury was introduced as an admission on his part that others caused his injury, the court should have been requested to charge the jury that the defendant would not be liable for the damages resulting to the plaintiff from an injury inflicted by a fellow passenger, unless the carrier or its servants had at least reason to suspect that there was such likelihood of the plaintiff's being injured by such fellow passenger that it would have been the duty of the defendant to use such necessary precaution for the safety of the plaintiff as against the violence of the fellow passengers as was necessary for that purpose, even to the extent of ejecting the other passengers.

If, therefore, the former statement the plaintiff is alleged to have made is considered as an admission, the jury should have been instructed that the plaintiff could not recover against the defendant. If this evidence was introduced as a contradictory statement, for the purpose of impeachment, it is in fact no proof as to the manner in which the plaintiff received his injury, as there was no proof that he received his injury in any other way than that set forth in the petition; and, therefore, the assignment of error is not based upon the facts. An assignment of error is without merit which assumes that to be a fact which has no existence in the record; and likewise is an exception valueless which depends upon erroneous conceptions of the law. The record discloses, however, that the principle embodied in the request is fully covered by the court in the charge to the jury; and, therefore, even if the insistence of the plaintiff in error had been based upon the evidence in the record, there was no error in refusing to use the exact language of the written request. Upon this point the court charged as follows: " This is the contention, and you inquire, from the evidence, whether it has been sustained by the evidence: first, whether he was injured by this wreck; second, whether in the manner, or substantially in the manner, in which he claims. I do not think that it is necessary that he should show it in every minute detail, but in substantially the same manner as he charges." This instruction was given after the court had told the jury that they would have the petition and the answer before them, and had instructed them to take the allegations of the petition and compare them with the

evidence submitted, examine them in the light of the evidence submitted, and then judge what had been proved and what had not been proved. Requested instructions need not be given in the identical language of the written request, if the matter or principle embraced therein is correctly and amply presented in the charge of the court. The excerpts to which we have above referred show that the point which the plaintiff in error desired presented was fully presented, except that the court qualified the instruction—and, we think, correctly—by telling the jury that the charges of negligence in the petition need not be proved in every minute detail, but that it was sufficient if the negligence as alleged was substantially proved.

3. It is further insisted that the court should have given in charge to the jury sections 3830 and 2322 of the Civil Code. The reason, as stated in the motion for new trial, why the principles embodied in these sections should have been given in charge to the jury is that the evidence showed that no one else was hurt on the train; that the jury had the right to consider whether he could have avoided the injuries to himself by exercising ordinary care and diligence to prevent himself from being thrown on the floor. We can not conceive any view of the case which authorized instructions upon the subject of contributory negligence, under the evidence adduced. It was undisputed that the plaintiff was a passenger and had paid his fare, and that he was seated in the passenger-coach where he belonged. It was likewise undisputed that four cars of the train ran off the track, turned, and were demolished in falling down a fifteen-foot embankment; that the coach in which the plaintiff was riding, as well as the baggage-car and another coach were suddenly and violently brought to a stop. The crucial question in the case arises just here. Was the jerk (which was undenied) so severe as to cast the plaintiff forward from his seat and throw him violently on the floor, where he became unconscious, either from the force of the fall or from the pieces of glass which fell upon his head from the window? There was no evidence, even on the part of the defendant, that the plaintiff did anything (if he was injured as he said he was) to contribute to the injury. There was no duty devolving upon him to do anything to avoid it; because, from the nature of the case, there is no evidence to show

that he could have anticipated the wreck. Under the evidence in this case it would have been error to have given either § 3830 or § 2322 in charge to the jury. The mere fact that the plaintiff was the only passenger injured in the wreck did not of itself afford evidence either that the defendant carrier was not negligent or that the plaintiff, by the exercise of ordinary care, could have avoided injury.

4. The court charged the jury: "After applying all these rules, should you find that the railroad did not use that extraordinary care required of them, and that as a result this plaintiff was hurt, and that he was permanently injured, you may make up your calculations, etc., as to the loss of his earning power, and also make up your calculations for the loss of time, etc., during his sickness, if you make up your verdict for him." It is complained that, by using the word "etc.," the jury were given a latitude, in arriving at the amount of their verdict, which the law does not allow. It would perhaps have been better to omit the word "etc.," where used by the court in the excerpt above quoted, or to have used more definite language in that connection, but it is manifest, upon review of the entire charge of the court, that the use of the word "etc.," in the economy of time, does not subject the court's charge to the criticism suggested. On the contrary, it appears that the matters referred to in the excerpt to which exception is taken had been fully explained to the jury in a previous portion of the charge, and that, therefore, the jury were not misled, but fully understood that by "etc." the court was referring to matters which had already been fully explained.

It is also insisted that the court, in the instructions upon the measure of damages, erred in not setting forth the correct rule for ascertaining the amount to which the plaintiff would be entitled if permanently injured. It is true that this portion of the charge contains some verbal inaccuracies, and that the language used was calculated to impress the jury with the idea that in case they awarded the plaintiff anything for permanent injuries, he would be entitled to recover the total value of his earning capacity for life, without any deduction, instead of the present cash value of an annuity for life. But it is manifest, from the evidence, either that the jury did not allow the plaintiff anything

for permanent injury, or, if the finding included any allowance for permanent injury, that the finding was so small that, even if there was error in the judge's instruction, the error was harmless. If the jury intended to find anything in behalf of the plaintiff for permanent injuries (and the verdict would not be excessive for such pain and suffering as the record disclosed), the omission of the court to distinctly state that if the defendant was liable at all for permanent injuries, the plaintiff was entitled to recover the present cash value, based upon his earning capacity, and in proportion to its diminution attributable to the injury, was error against plaintiff, and not against defendant. This omission affords the plaintiff in error no ground whatever for complaint, for one can not complain of error in his favor, or incompleteness in instructions which work to his benefit. To require a new trial, not only error, but injury, must appear. The verbal inaccuracies which are pointed out in the charge of the court in the present case, upon the subject of the measure of damages, did not require the grant of a new trial, because it is manifest either that the jury awarded nothing for permanent injuries, or, if the verdict was based upon the permanency of the injuries, the finding is, under the proof, less than the plaintiff might have recovered if the instructions of the court had been absolutely and technically correct and all that the plaintiff in error insists they should have been. Even if the judge erred in his explanation of the mortality and annuity tables, and although he may have failed to state accurately to the jury that the plaintiff's injury, if he was entitled to recover for permanent injuries, would be the present cash value of an annuity for life, such error would be no cause for a new trial, since it is plainly apparent that the jury were not misled thereby, and that the omission of more accurate and definite instructions, if injurious to either party, benefited the plaintiff in error, if indeed it did not diminish the finding in favor of the plaintiff.

5. The general grounds of the motion require but little discussion. The evidence was conflicting. It was the right of the jury to prefer the testimony of the plaintiff. The plaintiff's evidence required a finding in his favor and would have authorized a larger verdict. There was no merit in the motion for new trial, and it was properly overruled.          *Judgment affirmed.*