21529. LAMB *v.* SEABOARD AIR-LINE RAILWAY CO.

DECIDED JULY 14, 1931.

*William C. Smith, Smith & Ferguson,* for plaintiff.
*U. V. Whipple, McDonald & McDonald,* for defendant.

LUKE, J. The sole question presented by the record in this case is whether or not the trial judge erred in sustaining the general demurrer to the petition as amended. Omitting its formal allegations and some of those allegations that are not necessary to be considered in determining the question under consideration, the petition alleges: 3. That petitioner is a woman fifty-nine years of age, and on March 22, 1929, was in the employ of the Fitzgerald

Cotton Mills, earning a salary of $10.80 per week, "and had been so employed for a period of twenty-eight years prior to the 22d day of March, 1929." 5. That on said date, at the noon hour, "she was walking in an easterly direction from the Fitzgerald Cotton Mills . . to her home." 6. "That in order to get to her home from the Fitzgerald Cotton Mills it was necessary that she cross the defendant company's railroad-track; and that there is a public road which crosses said . . track, which had been used for more than twenty years, and that . . petitioner was traveling on this public road." 7. "That while attempting to cross said track there were several people walking beside her on her south side, and that because of this fact her view of the defendant's railroad-track was obstructed." 8. That while petitioner "was undertaking to cross said track at said public crossing . . the defendant company, by and through its agents and servants and one of its hand-cars, which was being driven in a northern direction from Fitzgerald on defendant company's line of road, negligently and carelessly struck your petitioner, temporarily and permanently injuring her. . ." 9. "That at the point where the hand-car struck your petitioner the track . . was practically straight for a distance of about one mile in the direction from which said hand-car was approaching, and that there was no obstruction on either side of the railroad to prevent the agents and servants operating said hand-car from seeing your petitioner when she was undertaking to cross said track at the point aforesaid." 10. "Your petitioner further shows that prior to her injuries she was in perfect physical condition, and was an employee of the Fitzgerald Cotton Mills and had been for a period of twenty-eight years. . ." 12. "Defendant company was negligent in failing to exercise diligence in approaching the crossing above described, by failing to keep and maintain a proper lookout, by failing to have the hand-car under such control that it could prevent the injury to your petitioner, and by failing to give any alarm whatsoever, warning your petitioner of the approach of said hand-car.

By amendment the petitioner alleged "that she was approaching such crossing with a number of the employees of the cotton-mill where they were employed; that "it had been for a number of years the custom of such employees, in large numbers and groups, to cross such track at the noon hour, and the defendant was well aware

of such custom:" that "petitioner was on the left of such group, and her view of the defendant's tracks to the right, the direction from which such hand-car was traveling, was obstructed, and she did not see such car approaching;" that "such car was not operating on any fixed schedule, and petitioner had no reason to anticipate its approach;" that "the employees of the defendant driving such car had a full, clear view of such crossing and petitioner as she approached, and had every opportunity to see and know that she was approaching such track for the purpose of crossing it, and, in spite of such knowledge, did not slow down the speed of such car, did not have same under control, and gave no signal or warning, but ran into petitioner;" and "that one of the employees of the defendant, assisting in propelling such car, was facing to the south, that is, to the rear of the direction in which such car was going, and . . could not keep the proper lookout ahead of such car; all of which was negligence."

The railroad-track was practically straight for a distance of about a mile in the direction from which the hand-car was coming. When injured, petitioner was going home at the noon hour from a plant where she had been working for approximately twenty-eight years. She must have been perfectly familiar with the railroad-track and the crossing. The only reason assigned why petitioner did not see the approaching hand-car is that her view was obstructed by the usual crowd coming from the mill, and, so far as the petition shows, no member of that crowd was struck by the hand-car. Why petitioner's view of the hand-car and its occupants was obstructed while the persons driving that car "had a full, clear view of . . petitioner" does not appear. Petitioner was "in perfect physical condition," and her senses of hearing and seeing must have been all right. This case resembles that of *Cox* v. *Central of Ga. Ry. Co.*, 38 *Ga. App.* 88 (143 S. E. 444), in that there is no allegation that petitioner's attention was distracted in any way. We are aware of the rule that questions of negligence, including contributory negligence, must be decided by the jury and not by the court upon demurrer, "except in plain and indisputable cases," but, in our opinion, this is a plain and indisputable case. We think that the petition shows that the petitioner could have avoided the alleged injuries by the exercise of ordinary care, and that her lack of care places her in the attitude of being the author of her own misfortune.

Therefore we hold that the court did not commit error in sustaining the general demurrer and dismissing the case.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*