28028. SOUTHERN RAILWAY CO. *et al. v.* ALEXANDER.

DECIDED MARCH 9, 1940.

*Davis & Stephens, Wheeler & Kenyon,* for plaintiffs in error.
*E. C. Stark,* contra.

GUERRY, J. Nelle Alexander, by J. D. Alexander as next friend, brought her action against Southern Railway Company, H. M. Hammett, engineer, and John Mann, fireman, seeking recovery for injuries allegedly caused by the joint and concurrent negligence of the defendants. She obtained a judgment for $5000. On exceptions taken to this court the judgment denying the motion of the defendants for a new trial was reversed. *Southern Railway Co. v. Alexander,* 59 *Ga. App.* 852 (2 S. E. 2d, 219). The case was again tried and the trial resulted in a verdict and judgment for the plaintiff for $5000. Exceptions are again brought to this court, assigning error on the overruling of the defendants' motion for new trial. As the pleadings have remained substantially the same, reference is made to the former case as to them, and as to the grounds of reversal set out in that opinion.

In the outset we say that the evidence supported a recovery; and we can not say, since the plaintiffs in error fail to show bias or prejudice on the part of the jury, that the sum recovered was excessive. The fact that a jury on a former trial found in a like sum lends support to this view. The judgment must stand, unless errors of law appear.

In ground 5 the plaintiffs in error complain of the charge to the jury on the ascertainment of the proper gross sum to be found for alleged impairment of earning capacity, reducible to a present worth at seven per cent., to wit: "One of the elements of damages claimed in which you are asked to fix a certain amount is by reason of facts alleged in the petition that the plaintiff's ability to labor

and earn any amount has been reduced at least fifty per cent. She claims that she was capable and did earn by her labor and earnings at least one dollar per day. If you should fix a certain amount of damages for earnings, it must be based on a cash value of this date on a basis of money being worth seven per cent. . . If you should find that the plaintiff is otherwise entitled to recover, and is entitled to recover as alleged for her diminution in her ability to labor, in that case then it would be your duty to fix, as I say, a gross amount in which there is no rule of law that you can be guided by saying what the fixed amount should be; and when you have fixed a gross amount, it should be reduced to its cash value on a basis of seven per cent. And you must also take into consideration that a person rarely ever labors every day in the year, that there will be some of the time when they can't labor, or as they grow older their ability to labor will be decreased. All of those questions are questions that the jury has to settle themselves." Error is assigned in that this excerpt was not correct as an abstract proposition of law, and was too general in effect, and, in light of the instruction, "there is no rule of law that you can be guided by saying what the fixed amount should be," that the jury were left to fix capriciously any amount they chose for "diminution of earning capacity, without regard to the plaintiff's expectancy in life or her earning capacity before and after the alleged injuries," and were thus "turned loose without chart or compass . . to fix any amount" they chose, regardless of the evidence and rules of law applicable thereto. Under the ruling of this court when the case was formerly before us, we must hold that the excerpt complained of, though general, was sufficient in particulars to come within that rule. Had a more specific charge been desired in the particulars indicated in the assignment of error, a timely written request should have been made. *Merchants & Miners Transportation Co.* v. *Corcoran,* 4 *Ga. App.* 654, 668 (62 S. E. 130) ; *Southern Ry. Co.* v. *O'Bryan,* 119 *Ga.* 147 (45 S. E. 1000) ; *Macon Railway & Light Co.* v. *Mason,* 123 *Ga.* 773 (51 S. E. 569). The expression in the charge, "there is no rule of law that you can be guided by saying what the fixed amount should be," must be considered only when in proper relation to the excerpt as a whole, and not when set apart singly for attack; and when so considered, the exception is without merit.

The assignment of error in ground 6 is without merit. A careful comparison of all the excerpts from the charge brought under review by this assignment with all such excerpts from the charge to the jury on the former trial, *in the light of the rulings of the court working a reversal in the former case,* discloses that none of the errors formerly made were repeated and no new errors were committed. While it is true that the excerpt under review in the former case as working a reversal, to wit, "If you should find there was negligence on the part of both parties, that is negligence on the part of the plaintiff and defendants, but that the negligence of the defendants exceeded the negligence of the plaintiff, your finding would be in favor of the plaintiff, but you would reduce your finding in favor of the plaintiff so as to equal the amount of negligence attributable to the plaintiff," was given again almost verbatim, nevertheless it must now be considered in its interrelation with the entire charge, *as corrected,* the court having in the charge as a whole fully instructed the jury that the defendants' alleged negligence must have been the *proximate* cause of the injury. So considered, no error appears.

Exception is taken to the refusal of a request to give a charge couched in the identical language of a request made in *Metropolitan Street Railroad Co.* v. *Johnson,* 90 *Ga.* 500 (5) (16 S. E. 49). In that case a reversal was had although the principle requested had been given in more general and abstract forms, "its pressure being upon the matter as to which this charge was asked." An examination of the entire charge here discloses not only that the judge charged generally and abstractly in reference to the principle contained in the request, but he charged more specifically and in detail thereto than was contained in the language of the request. "Requested instructions need not be given in the identical language of the written request, if the matter or principle embraced therein is correctly and amply presented in the charge of the court." *Atlantic Coast Line Railroad Co.* v. *Odum,* 5 *Ga. App.* 780 (2) (63 S. E. 1126). "If the trial judge fully and correctly charges the law in regard to a particular issue, it will not furnish any ground of reversal that he did not charge on that subject in the language of the written requests made by counsel." *Southern Cotton Oil Co.* v. *Skipper,* 125 *Ga.* 368 (3) (54 S. E. 110). A reading of the entire charge makes it plain that the jury were given

specific instructions applicable to the facts, fully covering the principle of the request.

The remaining assignments of error are without merit.

*Judgment affirmed. MacIntyre, J., concurs.*

Broyles, C. J., dissenting. I think the court committed reversible error in refusing a timely written request to charge the following: "The precise thing which every person is bound to do before stepping upon a railroad-track is that which every prudent person would do under like circumstances. If prudent persons would look and listen, so must every one else, or take the consequences so far as the consequences might have been avoided by that means." The identical request to charge was denied on the trial of *Metropolitan Street R. Co.* v. *Johnson*, 90 *Ga.* 500 (5) supra; and the Supreme Court in that case held that the refusal of the request was reversible error, "the case being a close one under the evidence." The instant case is likewise "a close one under the evidence," and the ruling in the *Johnson* case, supra, is binding on this court.