28611. WALKER *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY *et al.*

DECIDED MARCH 5, 1941.

*C. B. McCullar,* for plaintiff. *Sibley & Allen,* for defendants.

STEPHENS, P. J. On February 16, 1940, there came on to be heard, before A. J. Hartley, director of the Industrial Board, the claim of Medford Walker against Joseph R. Cothan Jr., employer, and the United States Fidelity and Guaranty Company, insurance carrier. It was admitted by counsel for the employer and for the insurance carrier that the claimant was in the employment of Cothan on December 18, 1939, at a weekly wage of $12, and that

on such date the claimant suffered an accidental injury which arose out of and in the course of his employment. Dr. O. C. Woods testified for the employer, that he treated the claimant for an injury sustained in an automobile accident on December 18, 1939; that he found that Walker had a fracture of the left shoulder and other minor bruises; that Walker was admitted to the hospital and remained there until December 24, six days; that after his dismissal Walker returned to the witness for subsequent treatment; that the witness saw Walker on January 18; that at that time Walker had fully recovered; that he dismissed Walker as being able to return to work on January 21, 1940; and that in his opinion Walker was fully recovered from such injury without any permanent disability or permanent injury. The claimant testified, that at the time of the hearing he was disabled; that he had not recovered from the injury sustained from such accident; that he was at that time unable to resume work; that Dr. Woods informed him that it would be seven or eight weeks before he would be able to resume work; that the last time Dr. Woods saw him was about four weeks before the day of the hearing; that he had not been to see any other doctor; and that he had not worked since the accident. The director found that the claimant, as a result of the accident, was totally disabled for four weeks, and compensation was awarded accordingly. The director further found that the claimant had fully recovered, and since January 22, 1940, suffered no disability as the result of such accidental injury. The claimant appealed to the board, on the ground that the evidence demanded a finding that he was disabled at the time of the hearing, and consequently was entitled to compensation in excess of that awarded to him. He contended that the testimony of Dr. Woods was negative and purely opinionative, and that such testimony could not legally be the basis of an award by the director in the face of the positive testimony of the claimant that he was totally disabled at the time of the hearing and had been since his injury on December 18, 1939, and consequently was unable to resume work. The board affirmed the award of the director, and the claimant appealed to the superior court which affirmed the award of the board, and the claimant excepted.

The testimony of Dr. Woods is not subject to the criticism of the claimant that it was entirely opinionative and negative. It

is positive testimony by the doctor, that, based upon his actual examination of the claimant, in his opinion the claimant had fully recovered from the injury sustained by him and was able to return to work, and that he had not sustained and was not suffering from any permanent disability or injury as the result of his accident. See *Weeks* v. *State, 79 Ga.* 36 (3) (3 S. E. 323). Furthermore, negative testimony may be accepted in preference to positive. *Pollard* v. *Gorman, 52 Ga. App.* 127 (182 S. E. 678); *Bradberry* v. *Lumbermens Mutual Casualty Co., 60 Ga. App.* 576, 580 (4 S. E. 2d, 486). This ruling is distinguishable from the ruling in *Bituminous Casualty Corporation* v. *Wilbanks, 64 Ga. App.* 232 (12 S. E. 2d, 479). In that case the testimony of the physician was entirely an opinion, and was not based upon an actual examination and treatment of the claimant. The physician stated that, in the absence of any pathological examination to the contrary, he was of the opinion that the claimant was able to resume work; and the record disclosed the undisputed and uncontradicted statements of other physicians, who had examined and treated the claimant for the injury, that he was at least partially disabled. In the case sub judice the physician testified that he treated the claimant for the injury, dismissed him as recovered and able to go to work, and that in his opinion the claimant was able to go to work. The finding of the director that the claimant had fully recovered and was not disabled at the date of the hearing, February 16, 1940, and that since January 22, 1940, the claimant had suffered no disability whatever as a result of the accidental injury, was supported by and based upon competent and legal evidence. The board did not err in affirming the finding of the deputy director. Furthermore, the record discloses that the insurance carrier paid to the claimant the four-week compensation awarded by the director, which compensation payment was accepted by the claimant, and also discloses that the insurance carrier paid the $10 attorney's fee likewise awarded to the claimant's counsel, and that this sum was accepted by the claimant's attorney.

*Judgment affirmed. Sutton and Felton, JJ., concur.*