## SOUTHERN RY. CO. v. HARRIS.

### No. 9891.

Circuit Court of Appeals, Fifth Circuit.

Oct. 30, 1941.

A. C. Wheeler, Chas. J. Thurmond, and Emory F. Robinson, all of Gainesville, Ga., for appellant.

William L. Erwin, of Athens, Ga., Hamilton Kimzey and Herbert B. Kimzey, both of Cornelia, Ga., and Reuben R. Arnold and B. P. Gambrell, both of Atlanta, Ga., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Hugh T. Harris was struck by a passenger train and instantly killed while at-

tempting to drive his automobile across the tracks of the Southern Railway Company in Cornelia, Georgia. His widow, Mrs. Rozelle J. Harris, filed suit in the Superior Court of Habersham County, Georgia, to recover damages for his alleged wrongful death. On motion the suit was removed to the District Court and was there tried to a jury and verdict and judgment found and entered for the plaintiff. From this judgment the railroad has appealed.

The plaintiff predicated her right to recover on the grounds that the defendant railroad was negligent in operating a passenger train within the city limits of Cornelia at a speed in excess of thirty miles per hour in violation of a city ordinance; in approaching the crossing within the city limits of Cornelia at a speed in excess of twenty miles per hour in violation of a city ordinance; in violating a statute of the State of Georgia set out in Section 94-507, Code of 1933, in that no bell was tolled on either of the two locomotives pulling the train as it approached the crossing, and in failing to exercise due care in controlling the movements of the passenger train so as to avoid doing injury to persons on the grade crossing; in permitting the passenger train to approach the grade crossing at a high and dangerous speed of fifty miles per hour or more; in having on the north side track just west of the crossing, at a time shortly before the arrival of the passenger train, freight cars in such place that they together with a warehouse on the railroad's right of way tended to prevent a person who was crossing southerly over such crossing from seeing the approaching passenger train, and also prevented the trainmen operating the passenger train from seeing the automobile in which Harris was riding until the train was at or near the crossing; in failing to blow and keep blowing the whistle on the passenger train as a warning of its approach to the crossing; in causing the passenger train to approach the crossing quietly at high speed so as to give no warning of its approach; in causing the work of the switching crew to be continued immediately before and at the time of the arrival of the passenger train so that the noise of the switch engine and the cars it was pulling more effectually prevented the approaching passenger train from being heard; and in failing under all the surrounding circumstances to have a watchman at the crossing at the time of the arrival of the passenger train to look out for the safety of persons crossing the defendant's tracks. The city ordinance alleged to have been violated was made a part of the plaintiff's petition.

The important facts in the case are these: On the afternoon of April 18, 1940, Hugh T. Harris, a traveling salesman, approached and attempted to cross the tracks of the Southern Railway Company at a grade crossing in the heart of the business district of Cornelia, Georgia. The crossing was blocked by a freight train which was engaged in switching freight cars over the tracks on the crossing. Harris, who was alone in the automobile, drove near to the five-track crossing and stopped and waited for the freight train to clear the crossing. When the way was clear, he proceeded to cross the tracks at a speed of eight or ten miles per hour, and just as his car was clearing the last track the defendant's passenger train of ten coaches drawn by two locomotives struck the right rear wheel of the automobile. The impact of the collision threw the car forty or fifty feet from the tracks and against a pole, and Harris was instantly killed. After striking the automobile the train ran almost the full length of the cars and engines before it was stopped, a distance of approximately 900 feet.

There was no conflict in the evidence that Harris approached the grade crossing and was going in a southerly direction; that he approached the crossing from the street between Cornelia Bank and the Cornelia Pharmacy, and was going in the direction of the street lying between the First National Bank and the Georgia Power Company office and the barber shop on the south side of the crossing; that he came to a full stop before going on to the crossing; that he passed over four tracks before going on the track where his automobile was struck; and that no watchman was at the crossing.

The evidence, however, was in sharp dispute as to the speed of the passenger train. Six witnesses for the plaintiff testified that the speed of the train was forty-five to sixty miles per hour as it approached the crossing, and that they heard no bell being tolled, and that the whistle was not blown until just as the engine struck the automobile. Witnesses for the defendant put the speed of the train from fifteen to twenty miles per hour, and testified that the bell was being tolled and that

the whistle was blown. The engineer of the lead engine of the passenger train, and who was in charge of the movement of the train, testified that the bell was tolling and that he sounded the whistle as he approached the town of Cornelia and the crossing, but he admitted that his speed within five hundred feet of the crossing was approximately thirty-five miles per hour.

The defendant railroad joined issue on each and every contention of the plaintiff, and further contended that Harris, knowingly and voluntarily, entered on the tracks at a place so obviously dangerous that the act in and of itself amounted to a failure to exercise ordinary care and diligence for his own safety. The issues raised by the plaintiff and defendant made questions which were solely for the determination of the jury. Seaboard Air-Line R. Co. v. Sarman, 38 Ga.App. 637, 144 S.E. 810, 811; Western & A. R. Co. v. Ferguson, 113 Ga. 708, 39 S.E. 306, 54 L. R.A. 802; Pollard v. Gorman, 52 Ga.App. 127, 182 S.E. 678; Southern R. Co. v. Wilbanks, 5 Cir., 67 F.2d 424.

A consideration of the charges refused to the defendant discloses that each of them was fully covered by the court's general charge. Failure to give requested charges under such circumstances does not constitute error. Cohen v. Evening Star Newspaper Co., App.D.C., 113 F.2d 523; Radius v. Travelers Ins. Co., 9 Cir., 87 F. 2d 412; Southern Railway Co. v. Alexander, 62 Ga.App. 57, 7 S.E.2d 747; Central of Georgia R. Co. v. Watkins, 5 Cir., 37 F.2d 710.

Exceptions were reserved by the defendant to certain remarks made by counsel for plaintiff in his closing argument to the jury. We are of opinion and so hold that these remarks were not prejudicial and could be at most only construed as the opinion and argument of counsel. Moreover, the court in each instance was careful to instruct the jury that remarks of counsel were no part of the evidence, and that in arriving at a verdict they would consider only the evidence in the case. Cf. Riverside Fibre & Paper Co. v. Keckley Co., 7 Cir., 32 F.2d 23; Dallas Ry. & Terminal Co. v. Sullivan, 5 Cir., 108 F.2d 581; Maryland Casualty Co. v. Reid, 5 Cir., 76 F.2d 30; Western & A. R. Co. v. York, 128 Ga. 687, 58 S.E. 183.

Every issue raised was fully and fairly submitted to the jury and we find no reversible error in the record.

The judgment is affirmed.